IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

SANI-PRODUCTS PEST CONTROL, LLC, )
AND; AND THE ESTATE OF ROBERT E. )
DAVIES WITH CO-EXECUTORS )   2:20-CV-01414-MJH
PAMELA MCCAREY AND ERNEST )
SIMON, )
 )
         Plaintiffs, )
 )
vs.

DEVIN L. DAVIES, AND; AND SANI-
PRODUCTS WORLDWIDE INC,

         Defendants,

OPINION AND ORDER

Plaintiffs bring the within action against Defendants for Trade Secret Misappropriation under the Defense of Trade Secrets Act (Count I), Trade Secret Misappropriation under the Pennsylvania Uniform Trade Secret Act (Count II), Trademark Infringement under Section 43(a) of the Lanham Act (Count III), Trademark Infringement under Pennsylvania Law (Count IV), Tortious Interference with Contractual Relationships (Count V), Breach of Contract (Count VI), Unjust Enrichment (Count VII), Conversion under Pennsylvania Law (Count VIII), Misappropriation under Pennsylvania Law (Count IX), and Breach of Fiduciary Duty under Pennsylvania Law (Count X).

Defendants filed a Motion to Dismiss for Failure to Properly Remove Case seeking dismissal of Plaintiffs' Complaint. (ECF Nos. 14 and15). In their Motion, Defendants offered no citation to Fed. R. Civ. P. 12, statutes, case law, or any other rules of court as a basis for their motion. The matter is now ripe for consideration.

Upon consideration of Plaintiffs' Complaint (ECF No. 1), Defendant's Motion to Dismiss (ECF NO. 14 and 15), the respective responses and briefs of the parties (ECF Nos. 17 and 18), and for the following reasons, Defendant's Motion to Dismiss will be denied.

I.      Background

Robert E. Davies, deceased, owned a 98% share and was the sole operator of a pest control business, Sani-Products Pest Control, LLC, (Sani-Products).  (ECF No.  1 at ¶¶ 1-3). Devin Davies, Mr. Davies' daughter, was an employee of Sani-Products and owns a 2% share. *Id*. at ¶¶ 4-5.   In the course of conducting its business, Sani-Products maintained and/or owned bank accounts, vehicles, equipment, a leased premise, trade secrets, service marks, and copyrighted forms. *Id*. at ¶¶ 6-8, and 10.

Plaintiffs allege that on May 19, 2020, Devin Davies formed Defendant, Sani-Products Worldwide Inc. (Worldwide), and began using Sani-Products' assets, including its service marks, employees, vehicles, and websites to Worldwide's benefit and to the exclusion of Sani-Products. *Id*. at ¶ 13.  Therefore, the Estate of Robert Davies and its Co-Executors and Sani-Products aver that Devin Davies and Worldwide have taken, converted, and/or misappropriated Sani-Products assets, infringed on its service marks and copyrighted forms, and misappropriated its trade secrets.  *Id*. at ¶ 16.

Concurrent with this case, the Co-Executors petitioned the Allegheny Court of Common Pleas Orphans' Court requesting the following against Devin Davies only: 1) signature authority and managerial control over Plaintiff Sani-Products Pest Control LLC; 2) an order causing Defendant Devin L. Davies to stop using the name Sani-Products and other similar names; and 3) surcharge of Ms. Davies' beneficiary interest under Robert E. Davies' ("Decedent") Last Will and Testament.   (ECF No. 15).

II. Discussion

Defendants move for dismissal, without citation to any rule, statute, or case law, on the basis that Plaintiffs have a pending action before the Orphans' Court of Allegheny County "concerning the exact same facts, complaints, and requests for relief" and that Plaintiffs improperly failed to remove the Orphans' court action to this Court.  (ECF No. 14 at ¶¶ 2 and 3). Defendants therefore contend that they are subject to "conflicting authority" in violation of their "due process rights."  *Id*. at ¶ 4.   In their reply, Defendants concede that Plaintiffs had no basis to remove the Orphans' Court action; however, Defendants persist, again without citation to any authority and on sparse argument, that this Court should abstain from jurisdiction until resolution of the state court action.

Plaintiffs argue that Defendants' Motion should be denied because 1) the Orphans' Court action has exclusive jurisdiction to administer the Estate; 2) the parties to the Orphans' Court action are different from the parties in the present action; and 3) Defendants will not be subject to conflicting authority.

Plaintiffs contentions regarding jurisdiction are well-taken. First, jurisdiction for the administration of the estate and the relief requested, i.e., ordering Ms. Davies to relinquish managerial control over Sani-Products, and surcharge Ms. Davies' beneficiary interest in Decedent's Last Will and Testament (ECF No. 15), lies exclusively with the Orphans' Court. *See, e.g.*, 20 Pa.C.S.A. § 711.  The so-called "probate exception" reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate and precludes federal courts from disposing of property that is in the custody of a state probate court. *Marshall v. Marshall*, 547 U.S. 293, 296 (2006).  However, the exception does not bar federal courts from adjudicating related matters outside the confines of the probate of a will or disposing of property

in the custody of the state court that are otherwise within federal jurisdiction. *Id.* at 297.  Here, the Orphans' Court Petition does not exceed the scope of that court's jurisdiction, and its subject matters are appropriately brought there.   Likewise, the averments and claims here give the Court original jurisdiction over the Defend Trade Secrets Act and Lanham Act claims (Counts I and III) and supplemental jurisdiction over the state law claims (Counts II and IV-X).   Each of these matters are in their appropriate fora.

Second, with regard to concerns of any "conflicting authority," this Court and the Orphans' Court action involve different parties and different issues.  The relief, legal theories, and parties in this action differ from those in the Orphans' Court action.  Therefore, any decisions and adjudications of this Court and the Orphans' Court will not conflict.   Thus, the Court finds no compelling reason why it should abstain from jurisdiction over this matter pending the completion of the Orphans' Court matter.

Accordingly, Defendants' Motion to Dismiss will be denied.

### ORDER

And Now this 5th day of December 2020, following consideration of Plaintiffs' Complaint (ECF No. 1), Defendant's Motion to Dismiss (ECF Nos. 14 and 15), the respective responses and briefs of the parties (ECF Nos. 17 and 18), and for the foregoing reasons, Defendant's Motion to Dismiss is denied.  Defendants shall file their Answer on or before December 21, 2020.

BY THE COURT:

_/s/ Marilyn J. Horan_
Marilyn J. Horan
United States District Judge